# United States District Court
# Northern District of Indiana

MICHAEL TARNECY,                )
                                )
       Plaintiff,           )
                                )  Civil Action No. 1:16-CV-120 JVB
   vs.                          )
                                )
DWAYNE FORD, *et al.*,          )
                                )
       Defendants.          )

## OPINION AND ORDER

Michael Tarnecy, a *pro se* prisoner, filed a complaint under 42 U.S.C. § 1983. (DE 1.) Pursuant to 28 U.S.C. § 1915A, the court must review a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Courts apply the same standard under Section 1915A as when deciding a motion under Federal Rule of Civil Procedure 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive a motion to dismiss under Rule 12(b)(6), a complaint must state a claim for relief that is plausible on its face. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 603. Furthermore, "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Tarnecy is an inmate at the Jay County Security Center and complains that in December 2015, Jail officer Rachel Bentz, took away his e-cigarette privileges. During a shakedown

search, several inmates in the "D" Housing block were found to have altered e-cigarettes in their possession. As a consequence, Bentz took away all smoking privileges for those housed in the "D" block. Tarnecy claims that Bentz inflicted cruel and unusual punishment on him by taking away his ability to use e-cigarettes. He has sued both Rachel Bentz and Sheriff Dwayne Ford for money damages.

As a threshold matter, Tarnecy has failed to allege that Sheriff Ford had any personal involvement in this matter. Though Sheriff Ford oversees the jail, here is no general *respondeat superior* liability under 42 U.S.C. § 1983. "Only persons who cause or participate in the violations are responsible." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). Thus, Sheriff Ford cannot be held liable simply because he oversees the operations at the jail or supervises other correctional officers. *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009) Accordingly, the complaint fails to state a claim against Sheriff Ford.

Moreover, the complaint fails to allege a federal claim against any defendant. To state claim under 42 U.S.C. § 1983, a plaintiff must allege: "(1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006). Here, Tarnecy's claim fails because he does not have a constitutional right to smoke e-cigarettes nor has he pointed to any regulation that would create a liberty interest in his smoking. *See Blackwell v. Sheahan*, Case No. 93 C 1748, 1993 WL 135758, * 2 (N.D. Ill. April 28, 1993) (recognizing that there is no constitutional right to smoke cigarettes in prison) (*citing Grass v. Sargent*, 903 F.2d 1206, 1207 (8th Cir. 1990).

As explained, this complaint does not state a constitutional claim. Though it does not appear that Tarnecy could state a claim even if he filed an amended complaint, he will nevertheless be permitted to do so. *See Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013).

For the these reasons, the court:

(1) **DIRECTS** the clerk to place this cause number on a blank Prisoner Complaint form and send it to Michael Tarnecy;

(2) **GRANTS** Michael Tarnecy to and including January 30, 2017, to file an amended complaint; and

(3) **CAUTIONS** him that if he does not respond by the deadline, this case will be dismissed pursuant to 28 U.S.C. § 1915A because the current complaint does not state a claim for which relief can be granted.

**SO ORDERED** on January 6, 2017.

    s/ Joseph S. Van Bokkelen
Joseph S. Van Bokkelen
United States District Judge
Hammond Division